IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | |
| : | 7:96-CR-23 (WDO) |
| **CARLTON WILLIAMSON,** : | |
| : | |
| **Defendant** : | |

ORDER

This matter is before the Court on Defendant Williamson's motion to terminate the $17,500 fine that was assessed as part of his sentence. Defendant argues that the expenses involved in caring for his son's disabling medical condition prevent him from paying the fine while he is incarcerated or after his release. Williamson has paid part of the fine but a balance of $16,639 remains. The government filed a response arguing that this Court does not have jurisdiction to alter the fine as requested.

Pursuant to 18 U.S.C. § 3572(c), a sentence to pay a fine can subsequently be

- modified or remitted under section 3573;
- corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
- appealed and modified under section 3742.

A "judgment that includes such a sentence is a final judgment for all other purposes." Id. at (c).

First, pursuant to 18 U.S.C. § 3573, only the government may petition the court for an ordering remitting the fine on a showing that reasonable efforts to collect the fine are

1

not likely to be effective. The government has made no such motion in this case. The Eleventh Circuit has not addressed this particular statute but other circuits have interpreted this literally to mean that *only* the government may petition under this statute. See United States v. Impemba, 23 F.3d 395 (1st Cir. 1994); United States v. Linker, 920 F.2d 1 (7th Cir. 1990); United States v. Hardy, 935 F.2d 276 (9th Cir. 1991); United States v. McMillan, 106 F.3d 322 (10th Cir. 1997).

Second, pursuant to 18 U.S.C. § 3742, a "defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine . . . than the maximum established in the guideline range . . . ; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." Further, Section 3572 indicates that it must be applied in conjunction with Rule 35 that permits a defendant to file a motion to correct a sentencing error within 7 days of sentencing.

Applying this statute to the case at bar, there is no indication that the fine was or is in violation of any law. The fine was not imposed as a result of an incorrect application of the sentencing guidelines. The fine is not greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine than the maximum established in the guideline range. Finally, the fine was not imposed for an offense for which there is no sentencing guideline.

The 11th Circuit does not appear to have addressed these issues in any published cases. However, there is some authority from other circuits recognizing (1) the ability of

a district court to modify a fine upon a defendant's showing of a change in his financial circumstances and (2) that a district court is permitted to alter the payment schedule but is not permitted to terminate the fine in its entirety. See United States v. Goode, 342 F.3d 741 (7th Cir. 2003); United States v. Liverman, 149 F.3d 1171 (4th Cir. 1998) (not selected for publication in the Federal Reporter); Williams v. United States, 120 Fed. Appx. 284 (10th Cir. 2005) (not selected for publication in the Federal Reporter); Echavarria-Olarte v. United States, 79 Fed. Appx. 307 (9th Cir. 2003) (not selected for publication in the Federal Reporter).  These cases rely on 18 U.S.C. § 3572 (d)(3) which provides, "A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine.  Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." Pursuant to subsection (g), "If a sentence imposing a fine is stayed, the court shall, absent exceptional circumstances (as determined by the court) (1) require the defendant to deposit, in the registry of the district court, any amount of the fine that is due; (2) require the defendant to provide a bond or other security to ensure payment of the fine; or (3) restrain the defendant from transferring or dissipating assets."

     Accordingly, pursuant to 18 U.S.C. § 3572(d)(3), the Court finds that the significant burden the fine will impose upon the Defendant, considering his child's medical condition, necessitates an alteration of the Court's previous order regarding the immediate payment of the fine.  Defendant Williamson shall not be required to make any payments on the fine while he is incarcerated pursuant to this Court's January 12, 1999 judgment.  However,

upon his release, Williamson shall be required to make monthly payments in the amount of $50.00 per month until the fine is paid in full, or until such time as the Court is presented with evidence that the Defendant is able to pay a greater amount.  Finally, Defendant Williamson IS HEREBY ORDERED RESTRAINED from transferring or dissipating any assets in a manner that would cause him to be unable to pay this fine.

**SO ORDERED this 14th day of July, 2005.**

**S/Wilbur D. Owens, Jr.**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT JUDGE**